**MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**
Alicia A. Baiardo (SBN 254228)
abaiardo@mcguirewoods.com
Two Embarcadero Center,
201 Clay Street Suite 1300
San Francisco, CA 94111
Telephone:  (415) 844-9944
Facsimile:  (415) 844-9922

**MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**
Molly M. White (SBN 327536)
mwhite@mcguirewoods.com
1800 Century Park East
8ᵗʰ Floor
Los Angeles, CA 90067-1501
Telephone:  (310) 315-8200
Facsimile:  (310) 315-8210

*Attorneys for Defendant*
*SoFi Securities LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISHAL SHAH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOFI SECURITIES LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  3:25-cv-11130<br><br>[County of San Francisco Superior Court Case No. CGC-25-625503]<br><br>**DEFENDANT SOFI SECURITIES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed: May 20, 2025<br>First Amended Complaint Filed: August 20, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant SoFi Securities LLC ("SoFi Securities"), by and through its undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Francisco (the "State Court"), in which the action is currently pending, to the United States District Court for the Northern District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal. In support of this Notice of Removal, SoFi states as follows:

## I.   STATE COURT ACTION

1. On or about May 20, 2025, Plaintiff Vishal Shah ("Plaintiff") filed a putative Class Action Complaint ("Complaint") in State Court in a case entitled, "*VISHAL SHAH, on behalf of himself and all others similarly situated, vs. SOFI TECHNOLOGIES, INC., and DOES 1 – 50, inclusive*," San Francisco Superior Court Case No. CGC-25-625503. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. On or about August 20, 2025, Plaintiff filed a First Amended Complaint (the "FAC") in the State Court in a case entitled, "*VISHAL SHAH, on behalf of himself and all others similarly situated, vs. SOFI SECURITIES, LLC., and DOES 1 – 50, inclusive*," San Francisco Superior Court Case No. CGC-25-625503 (the "State Court Action"). On September 12, 2025, Plaintiff sent counsel for SoFi Securities a copy of the Amended Summons and FAC. A true and correct copy of the Summons and FAC is attached hereto as **Exhibit F**. On November 18, 2025, Plaintiff sent counsel for SoFi Securities a Notice and Acknowledgement of Receipt. SoFi Securities returned the Notice and Acknowledgement of Receipt on December 2, 2025. A true and correct copy of the completed Notice and Acknowledgement of Receipt is attached hereto as **Exhibit J**.

3. True and correct copies of every other process, pleading, and order entered on SoFi Securities in State Court in this action to date are attached to this Notice of Removal as the exhibits identified below:

DEFENDANT SOFI SECURITIES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

| Exhibit | Description |
|---------|-------------|
| **A** | Summons and Complaint |
| **B** | Civil Case Cover Sheet |
| **C** | Notice to Plaintiff |
| **D** | Order Denying Complex Designation for Failure to File Application Requesting Designation |
| **E** | Application for Complex Case Treatment |
| **F** | Amended Summons and First Amended Complaint |
| **G** | Order Granting Complex Designation and For Single Assignment |
| **H** | Plaintiff's Case Management Statement |
| **I** | Order Continuing December 9, 2025 Case Management Conference |

4. The docket for the State Court does not indicate that there has been service of process upon any "Does." Any "Does" are fictitious defendants and therefore properly disregarded for purposes of this removal. 28 U.S.C. § 1441(b).

5. In accordance with 28 U.S.C. § 1446(d), SoFi Securities will provide contemporaneous written notice of this Notice of Removal to Plaintiff, the adverse party, and to the Clerk of the State Court.

## II. TIMELINESS OF REMOVAL

6. This action has not been previously removed to federal court.

7. On December 2, 2025, SoFi Securities returned a signed Notice and Acknowledgement of Receipt of the Amended Summons and FAC, and service was effectuated as of this date. Cal. Code Civ. Proc. §415.30(c); *see* Ex. J.

8. This Notice of Removal is timely as it is filed within thirty (30) days of December 2, 2025 – the date of completed service on SoFi Securities of the Amended Summons and FAC. *See* 28 U.S.C. § 1446(b); *see also Thomas v. Facebook, Inc.*, No. 1:18-cv-00856-LJO-BAM, 2018 U.S. Dist. LEXIS 138333, 2018 WL 3915585, at *3 (E.D. Cal. Aug. 15, 2018) (holding removal is timely where defendant files notice of removal within 30 days of returning a signed notice of acknowledgement

2

and receipt).[1]

### III.    JURISDICTION BASED UPON DIVERSITY OF CITIZENSHIP

9.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b), 28 U.S.C. § 1446(b), and all other applicable bases for removal.

10.    As required by 28 U.S.C. § 1441 and L.R. 3-2(d), SoFi Securities seeks to remove this case to the United States District Court for the Northern District of California, San Francisco Division, which is the court and division embracing the place where the State Court Action has been filed.

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is an action that may be removed to this Court by SoFi Securities, because (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and SoFi Securities, on the other hand; and (2) the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists Between The Parties

12.    **Plaintiff's Citizenship**.  The FAC alleges that Plaintiff is a citizen of the State of California.  FAC ¶ 8.

13.    **SoFi's Citizenship**.  SoFi Securities is a limited liability company and therefore, has the citizenship of each of its members for the purposes of establishing complete diversity.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A corporation may be a citizen of more than one state: it is a citizen of the state in which it is incorporated as well as the corporation's "nerve center".

14.    The sole member of SoFi Securities is Social Finance, LLC.  Declaration of Ryan Burke ("Burke Decl."), ¶ 5.  Social Finance, LLC is a Delaware limited liability company, whose sole member is SoFi Technologies, Inc.  *Id.* at ¶ 6.

---

[1] The case became removable based on diversity jurisdiction when Plaintiff filed the FAC substituting SoFi Securities for the erroneously named defendant SoFi Technologies, Inc.  *See Silas v. Argent Mortg. Co.*, LLC, No. 117CV00703LJOJLT, 2017 U.S. Dist. LEXIS 115324, 2017 WL 3131057, at *3 (E.D. Cal. July 24, 2017) ("a later-served defendant may…remove a case to federal court even if the earlier served defendant has missed the thirty-day window to do so.") (citing *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (adopting the later-served defendant rule)).

3

15. SoFi Technologies, Inc. is a Delaware corporation with its principal place of business in New York. *Id.* at ¶ 7. Therefore, for purposes of diversity jurisdiction, SoFi Securities is now, and was at the time the State Court Action was commenced, a citizen of Delaware and New York.

16. Accordingly, SoFi Securities is now, and was at all material times, a citizen of states other than California within the meaning of 28 U.S.C § 1332(c).

17. **Doe Defendants**. Defendants "DOES 1-10" are fictitious defendants whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), cert. denied 493 U.S. 1076 (1990).

18. **Citizenship is Diverse**. Because Plaintiff is a citizen of California, and SoFi Securities is a citizen of Delaware and New York, complete diversity of citizenship is met.

**B.      The Amount In Controversy Is Satisfied**

19. The threshold amount associated with diversity jurisdiction is $75,000. 28 U.S.C. § 1332(a). A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Plaintiff requests unspecified actual and/or compensatory, treble damages, and pre-judgment and post-judgment interest, along with equitable and injunctive relief. *See* Prayer for Relief, ¶¶ A-G. Where, as here, no amount is specified in the plaintiff's complaint, the removing defendant has the burden of showing that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

20. As discussed in detail below, the amount in controversy exceeds $75,000. *See infra,* Section IV.C. In sum, this court has jurisdiction over this matter under diversity and it may be removed to this Court.

**IV.      JURISDICTION BASED UPON THE CLASS ACTION FAIRNESS ACT**

21. Pursuant to 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper under the Class Action Fairness Act ("CAFA"). Under CAFA, this Court has jurisdiction over class actions where: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class

members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregate claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b).  CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

22.    CAFA defines a "class action" to include civil actions filed under state statutes or rules of procedure similar to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") that authorize an action to be brought by one or more representative persons as a class action.

23.    Plaintiff brings this lawsuit as a class action.  Plaintiff "brings this action on behalf of himself and a proposed class of similarly situated consumers" and seeks to represent a nationwide class of "[a]ll SoFi brokerage account holders who were charged a New Fee."  FAC, ¶¶ 1, 52. Accordingly, CAFA applies.

### A.    Minimal Diversity Of Citizenship Exists

24.    To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

25.    CAFA abrogates the traditional rule that a limited liability company shares the citizenship of each of its members for diversity purposes.  *See Jack v. Ring LLC,* 553 F. Supp. 3d 711, 714-716 (N.D. Cal. 2021) (collecting cases suggesting that CAFA intended to change the traditional diversity rule for LLCs and recognizing that in CAFA actions an LLC's citizenship is determined by principal place of business and State of organization).  For purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C.

§ 1332(d)(10).

26.     Accordingly, for purposes of diversity jurisdiction under CAFA, a limited liability company is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C § 1332(d)(10); *see also Rubalcaba v. R&L Carriers Shared Servs., L.L.C.*, No. 23-CV-06581-HSG, 2024 WL 1772863, at *2-3 (N.D. Cal. Apr. 23, 2024) ("this Court has held that for purposes of CAFA jurisdiction, the citizenship of an LLC is determined by where its principal place of business, or "nerve center," is located."); *Johnson v. Kadiant LLC*, No. 2:24-cv-01372-DC-CKD, 2024 WL 4616148, at *8 (E.D. Cal. Oct. 29, 2024) (holding that "[a]s an LLC, Defendant is an 'unincorporated association' under CAFA deemed to be a citizen of (1) the state under whose laws it is organized, and (2) the state where it maintains its principal place of business."); *Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (same); *Jack v. Ring*, 553 F. Supp. 3d at 714-15 (recognizing that "[a]pplying the traditional diversity rule-considering an LLC a citizen of every state of which its members are citizens—would likely undermine [Congress'] intent" in CAFA actions, and holding that an LLC's citizenship is determined by its principal place of business and state of organization).

27.     The U.S. Supreme Court held that when determining a business' principal place of business for diversity purposes, the appropriate test is the "nerve center" test.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010).  Under the nerve center test, the "principal place of business" means the location where a business' high-level officers direct, control and coordinate its activities on a day-to-day basis. *Id.*  ("[W]e conclude that 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

28.     SoFi Securities is a limited liability company organized under the laws of New York.  Burke Decl., ¶ 4.

29.     Moreover, the State of New York is where SoFi Securities' senior leadership are primarily based and direct, control and coordinate SoFi Securities' activities and functions, including final decision-making and oversight of SoFi Securities' financial, accounting, human resources and legal operations and divisions.  Burke Decl., ¶ 6.

6

30.     For purposes of determining minimal diversity jurisdiction, SoFi Securities is therefore a citizen of New York. *Id.* Both at the time this action was commenced and at the time of the filing of the Notice of Removal, SoFi Securities was not a citizen of the State of California. *Id.*

31.     Plaintiff is a citizen of California, while SoFi Securities is a citizen of New York. *See* FAC, ¶ 8; Burke Decl., ¶¶ 4-6. Minimum diversity therefore exists between the parties under CAFA.

**B.     The Putative Class Consists Of More Than 100 Members**

32.     CAFA requires that the aggregate number of members of all proposed classes in the complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B).

33.     The purported class alleged in the FAC includes a "Nationwide Class" of "[a]ll SoFi brokerage account holders that were charged a New Fee." FAC ¶ 52. Plaintiff alleges that "the Class consists of thousands of members or more." FAC ¶ 56.

34.     Accordingly, the aggregate membership of the proposed class is therefore at least 100 as required under CAFA pursuant to 28 U.S.C. § 1332(d)(5)(B).

**C.     As Alleged, The Aggregate Amount In Controversy Exceeds $5 Million**

35.     CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

36.     In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.

37.     The Ninth Circuit has found that any doubts over the amount in controversy in a CAFA action should be resolved in favor of federal jurisdiction. *See, e.g.*, *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015) ("'CAFA's language favors federal jurisdiction over class actions.'") (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that

Congress intended . . . all doubts [be] resolved 'in favor of exercising jurisdiction over the case.'")); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) ("Congress and the Supreme Court have instructed us to interpret CAFA's provisions under section 1332 broadly in favor of removal.").

38.    To invoke federal court jurisdiction, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). In analyzing the amount-in-controversy under CAFA, the Court considers the full amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *See Elizabeth Perez v. Rose Hills Company*, 131 F.4th 804, 807 (9th Cir. 2025) ("[b]ecause '[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability,' a removing defendant need not present evidence of what its ultimate liability will be—in many cases, the defendant presumably expects that figure to be zero.") (quoting *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)).

39.    Here, because Plaintiff does not allege a specific dollar figure in controversy, the Court must consider as evidence of the amount in controversy that which is "facially apparent" on the FAC. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997). If the amount in controversy is unclear or ambiguous from the face of the complaint, a removing defendant need only satisfy the "preponderance of the evidence standard," *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013), i.e., that "it is more likely than not" that the amount in controversy is satisfied. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). The Ninth Circuit recently explained that a removing defendant may rely on the allegations in the Complaint and "a chain of reasoning that includes assumptions' to calculate the amount in controversy." *Perez*, 131 F.4th at 807.

DEFENDANT SOFI SECURITIES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

40.    The facially apparent alleged aggregate amount in controversy exceeds $5,000,000.[2] Plaintiff seeks to certify a nationwide class of "[a]ll SoFi brokerage account holders that were charged a New Fee." FAC ¶ 52. "New Fees" are defined as "$25 Inactivity Fees," an unspecified amount of "Trading Fees," and "$75 Outgoing Transfer Fees" that SoFi allegedly began to charge consumers in "late 2023." FAC ¶ 1. Plaintiff seeks on behalf of himself and the putative class, "Restitution and disgorgement of all New Fees paid to SoFi by Plaintiff and the members of the Class," "actual and/or compensatory damages," "pre-judgment and post-judgment interest" and injunctive relief. *See* Prayer for Relief, ¶¶ C-G. In determining the amount in controversy to support removal, SoFi Securities relies on a conservative estimate of the amount in controversy based only on damages for alleged improper assessment of "New Fees" sought by Plaintiff on behalf of himself and the putative nationwide class of similarly situated consumers.

41.    Plaintiff alleges that he was charged a $25.00 Inactivity Fee on at least one occasion. FAC ¶ 49. Plaintiff further alleges that "tens of thousands of consumers" were assessed Inactivity Fees by SoFi and that "***hundreds of thousands*** of Inactivity Fees have been charged by SoFi since 2023." FAC ¶¶ 32, 36 (emphasis added). Based on Plaintiff's allegations that "hundreds of thousands" of Inactivity Fees were charged since 2023, a conservative estimate of 200,000 Inactivity Fees charged equates to $5,000,000.

42.    Plaintiff further seeks to recover, on behalf of a class of similarly situated consumers, $75 Outgoing Transfer Fees allegedly assessed to consumers by SoFi Securities when they elected to terminate their relationship with SoFi. FAC ¶ 1, 43. Although Plaintiff does not allege the purported number of class members charged a $75 Outgoing Transfer Fees, Plaintiff alleges that the putative nationwide class "consists of thousands of members or more." FAC ¶ 56. Based on Plaintiff's averments, Defendant conservatively estimates that 1000 consumers were charged a $75 Outgoing Transfer Fee since 2023, which equates to $100,000.

43.    Plaintiff's allegations place the amount in controversy over $5,000,000 based on the

[2] SoFi Securities' calculations based on the face of the FAC are not intended to be and should not be construed as admissions of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, or to whether a class action is proper.

DEFENDANT SOFI SECURITIES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

$75 Outgoing Transfer Fees and $25 Inactivity Fees alone.

44.    Accordingly, the conservatively estimated amount in controversy in this action exceeds the jurisdictional threshold without considering Plaintiff's requested injunctive relief.[3]

### V.    VENUE

45.    As the State Court Action is now pending in San Francisco County, California, SoFi Securities is entitled, pursuant to 28 U.S.C. § 1441(a) and L.R. 3-2(d), to remove this action to the United States District Court for the Northern District of California, San Francisco Division.

46.    Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by SoFi Securities of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of SoFi Securities' rights, claims, remedies, and defenses in connection with this action, including without limitation its right to compel arbitration of the claims asserted in this action, all of which are hereby fully and expressly reserved.  Further, SoFi Securities expressly reserves the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence or include any additional sums sought in the FAC not included herein, should any aspect of this removal and/or the information set forth herein be challenged.

### VI.    NOTICE

47.    Upon filing of this Notice of Removal, SoFi Securities simultaneously served Plaintiff and filed a Notice of Filing of Removal to Federal Court in the State Court Action as required under 28 U.S.C § 1446(d).

---

[3] *See, e.g.*, *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("The amount in controversy may include the cost of complying with such an injunction."); *see also Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

10

DEFENDANT SOFI SECURITIES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

WHEREFORE, SoFi Securities respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED:  December 31, 2025            **McGuireWoods LLP**


By:  /s/ *Alicia A. Baiardo*
Molly M. White
Alicia A. Baiardo

*Attorneys for Defendant*
*SoFi Securities LLC*

---

11

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2025, I electronically transmitted the foregoing document described as **DEFENDANT SOFI SECURITIES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system.

I further certify that on December 31, 2025, I caused to be served the foregoing documents by electronic mail and by FedEx overnight delivery as follows:

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com
Amanda Rosenberg (CA Bar No. 278507)
arosenberg@kalielgold.com
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783

**KALIELGOLD PLLC**
Sophia G. Gold (CA Bar No. 307971)
sgold@kalielgold.com
490 43rd Street, Suite 122
Oakland, California 94609
Telephone: (202) 350-4783

/s/ *Alicia A. Baiardo*
*Alicia A. Baiardo*

1
CERTIFICATE OF SERVICE

# EXHIBIT A

*8 & 76 Technologies, Inc.*
*(23 pgs)*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOFI TECHNOLOGIES, INC., and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VISHAL SHAH, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court

400 McAllister Street, San Francisco, CA 94102

| CASE NUMBER: |
|---|
| *(Número del Caso):* |
| **CGC-25-625503** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey D. Kaliel, Sophia G. Gold, KalielGold PLLC, 490 43rd St., Ste. 122, Oakland, CA 94609, (202) 350-4783

DATE: **05/20/2025**
*(Fecha)*

Clerk, by **MARIVIC VIRAY** , Deputy
*(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SoFi Technologies, Inc.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jeffrey D. Kaliel (SBN 238293); Sophia G. Gold (SBN 307971), Amanda J. Rosenberg (SBN 278507) KalielGold PLLC, 490 43rd Street, No. 122, Oakland, CA 94609<br><br>TELEPHONE NO.: (202) 350-4783        FAX NO.: (202) 871-8180<br>EMAIL ADDRESS: jkaliel@kalielpllc.com; sgold@kalielgold.com; arosenberg@kalielgold.com<br>ATTORNEY FOR *(Name):* Plaintiff Vishal Shah | FOR COURT USE ONLY<br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**05/20/2025**<br>**Clerk of the Court**<br>BY: MARIVIC VIRAY<br>Deputy Clerk |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
|---|---|

| CASE NAME:<br>SHAH v. SOFI TEHCNOLOGIES | **CGC-25-625503** |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**    [ ] **Limited**<br>(Amount demanded exceeds $35,000)    (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joiner<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Breach of Implied Covenant of Good Faith & Fair Dealing, Unjust Enrichment, UCL
5. This case [x] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 19, 2025

Jeffrey D. Kaliel
_____
(TYPE OR PRINT NAME)                                    ▶ [signature]
                                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com
Amanda Rosenberg (CA Bar No. 278507)
arosenberg@kalielgold.com
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783

**KALIELGOLD PLLC**
Sophia G. Gold (CA Bar No. 307971)
sgold@kalielgold.com
490 43rd Street, Suite 122
Oakland, California 94609
Telephone: (202) 350-4783

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**05/20/2025**
**Clerk of the Court**
BY: MARIVIC VIRAY
Deputy Clerk

*Attorneys for Plaintiff and the Putative Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO    CGC-25-625503

| | |
|---|---|
| VISHAL SHAH, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>SOFI TECHNOLOGIES, INC., and DOES 1 – 50, inclusive,<br><br>  Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**CLASS ACTION COMPLAINT**

Plaintiff Vishal Shah ("Plaintiff") on behalf of himself and all others similarly situated brings this Class Action Complaint against Defendant SoFi Technologies, Inc. ("Defendant" or "SoFi") based on personal knowledge as to allegations regarding himself and on information and belief as to others, and alleges the following:

**NATURE OF THE ACTION**

1. Plaintiff brings this action on behalf of himself and a proposed class of similarly situated consumers against SoFi arising from its unlawful, fraudulent, and unfair assessment of $25 Inactivity Fees, Trading Fees and $75 Outgoing Transfer Fees (the "New Fees") that were added surreptitiously by SoFi on its investment accounts in late 2023.

2. For a decade, SoFi has marketed itself as a low cost and fee-free option for small investors. SoFi has repeatedly promised to its investing customers like Plaintiff that it would provide fee-free investing, including commission-free trades and the absence of add-on fees that plague other investment account providers. Through these attractive offerings, SoFi lured customers into a contract with the promise of low costs and no fees, enabling consumers to choose SoFi as their trusted investment firm over a myriad of other financial investment companies.

3. Late in 2023, however, SoFi drastically shifted course away from being a consumer-focused investment firm: without fair and adequate notice, it unilaterally modified its brokerage account agreement with its customers to impose numerous additional fees that never existed before and which fundamentally contradicted the promises previously made to consumers. These New Fees were not communicated to consumers adequately, and partly as a result of that poor and deceptive communication, not reasonably avoidable.

4. A SoFi representative has admitted in a public forum that the company's communication of the New Fees was inadequate, "we know our communication regarding [the New Fees] could have been clearer[.]"

5. Further, the New Fees are themselves junk fees that bear no reasonable relationship to the "services" purportedly being provided. As an example, the new "Inactivity Fee" of $25 is essentially pure profit for SoFi, as inactive accounts create no additional burden (and no additional work) for SoFi. While

in certain circumstances accounts left inactive for several years may be subject to state escheatment laws, which could create additional administrative expense for SoFi, such laws are not remotely implicated in the mere six months that SoFi arbitrarily begins collecting such fees.

6. Not only were the New Fees added quietly—in the hopes that consumers would not notice—but they fundamentally altered the value proposition that SoFi presented to consumers for a decade, a classic bait and switch.

7. Plaintiff and Class members have been injured by Defendant's unlawful and fraudulent practices, and allege claims for breach of the implied covenant of good faith and fair dealing inherent in every contract, violation of California's consumer protection law, and unjust enrichment. Plaintiff brings this action on behalf of himself and the putative Class and seeks damages, restitution and disgorgement, and declaratory relief.

## PARTIES

8. Plaintiff Vishal Shah is a citizen and resident of Buena Park, California and was a SoFi brokerage-account holder at all relevant times alleged herein.

9. Defendant SoFi Technologies, Inc. is a California corporation with its headquarters located in San Francisco, CA. SoFi is one of the country's largest financial investment firms and holds over $36 billion in assets under management.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendant and the claims set forth below pursuant to Code of Civil Procedure § 410.10 and the California Constitution, Article VI § 10, because this case is a cause not given by statute to the other trial courts.

11. Plaintiff is informed and believes that the State of California has personal jurisdiction over the Defendant named in the action because Defendant is a corporation authorized to conduct and does conduct business in this State. Defendant is incorporated in California, maintains its corporate headquarters in California, is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market and design and promulgate deceptive representations from its headquarters, which has caused both obligations and liability of Defendant to arise in the County of San Francisco.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

12.     The amount in controversy exceeds the jurisdictional minimum of this Court.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

A.     **SoFi Harms Consumers by Luring Them into Using the Company for Investments with the Promise of Being a Low-Cost Investment Firm with Minimal Fees and Then Later Piles on New, Unexpected Fees**

13.     SoFi is one of the country's largest financial investment firms. SoFi distinguishes itself from other mutual fund firms by prominently advertising that investing is fee free.

14.     Investment accounts are notoriously difficult to transfer once established. Accordingly, investment firms like SoFi compete aggressively to acquire to consumer investors, knowing that obstacles to transferring investment accounts will keep such consumers locked in indefinitely.

15.     At or around the time Plaintiff opened his SoFi investing account in 2020—and for several years prior—SoFi prominently marketed itself as a fee-free service.

16.     For example, the home page of the SoFi investing website, which Plaintiff viewed prior to and at the time he signed up for his account, stated:

**Pay zero SoFi fees.**

That's right—$0 in transaction fees and $0 in management fees.

**Choose how.**

Do-it-yourself with active investing or take it easy with automated

investing.

**Invest with skill.**

SoFi is built for those who learn by doing—because the fastest way to

become an investor is to start investing.

**No fees. No excuses.**

Not-so-newsflash: fees are frustrating and they can keep people from

investing. It's why we charge $0 in SoFi transaction and management fees.

So there's no reason not to start investing.

17.     As another example, the home page of the SoFi investing website, which Plaintiff viewed prior to and at the time he signed up for his account, stated:

4

**Avoid high costs.**

Get started with as little as $1—and trade stocks and ETFs for free.

18.    At the time SoFi made these prominent and unavoidable representations to consumers who signed up for its service, SoFi did not charge Inactivity Fees, Trading Fees and Outgoing Transfer Fees.

19.    Nor did SoFi warn consumers in marketing that once their investments were made, SoFi could choose to add such New Fees, significantly changing the value proposition for consumers who chose to invest with SoFi.

20.    Nor did SoFi warn they would or could add New Fees without effective communication and a fair chance for consumers to move funds elsewhere, for free.

21.    In other words, prior to adding New Fees without effective communication in 2023, SoFi marketed to consumers that it was "fee-free" and gave no indication to consumers that it would suddenly and secretly begin charging the New Fees.

22.    In a competitive marketplace where there are numerous investment opportunities, SoFi's low-cost, customer-friendly practices and policies enticed average consumers to invest with SoFi to build wealth at the most affordable option—*without* being nickeled and dimed by unscrupulous fees.

23.    Despite these long-held promises, however, SoFi in 2023 began deviating from its stated mission through the imposition of New Fees.

24.    Late in 2023, SoFi amended their Brokerage Account Agreement to add a host of new fees to be charged to its brokerage account holders.

25.    However, SoFi did not effectively communicate such New Fees to its customers—or give them a reasonable chance to avoid them. Indeed, at least one of the New Fees—the $75 Outgoing Transfer Fee—made it much harder and more expensive for consumers to remove their investment funds from SoFi.

26.    Less than a month prior to suddenly adding the New Fees, SoFi sent a single email to some accountholders regarding its aggressive new fees, an email which did not require opening or assent—as if designed to go unnoticed by consumers.

27.    The lackadaisical method of notice was designed to ensure the changes occurred unnoticed by consumers.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

28.    Indeed, consumer complaints began appearing in droves online once surprised consumers began being charged the new fees.

29.    Sofi was and is aware its communication of the New Fees was poor.

30.    For example, a SoFi representative responded to a user complaint on a Reddit thread, and admitted there is a problem with how SoFi notified people: "we know our communications could have been clearer about these changes":



https://www.reddit.com/r/sofi/comments/1bue9wf/here_come_the_fees/

31.    SoFi's decision to add New Fees without fair and robust notice to consumers was especially likely to cause consumers harm in the form of Inactivity Fees.

32.    Until its sudden and poorly disclosed decision to add Inactivity Fees in late 2023, SoFi had never charged such a fee before. Without clear and effective notice of the newly charged Inactivity Fee – and the manner in which SoFi would define "inactivity" – SoFi knew or should have know that tens of thousands of consumers would be assessed Inactivity Fees.

33.    SoFi unilaterally and without fair disclosure defined "inactivity" not to be whether activity occurred on an account – for example, trades, payment of dividends, etc. – but whether a consumer logged in to their SoFi account.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

34. This unusual metric for measuring "inactivity" made it especially likely that SoFi's inadequate notice of the newly charged Inactivity Fee would go unnoticed and unavoided by consumers.

35. Further, SoFi's new Inactivity Fees bear no reasonable relationship to any service provided by the company nor any cost incurred by the company. Whether or not a consumer logs in to his SoFi account has zero impact on SoFi's costs. It is nothing more than a "gotcha" fee—and a "gotcha" fee that was added in direct contradiction to SoFi's prior promises of being "fee-free."

36. In short, no reasonable consumer would choose to pay a $25 Inactivity Fee in lieu of logging in to their SoFi account. The fact that, upon information and belief, hundreds of thousands of Inactivity Fees have been charged by SoFi since 2023 is precisely because SoFi failed to adequately inform and warn users how to avoid the fee, including by providing inadequate notice of the addition of the new fee.

**B.** **SoFi's New Fees Constitutes a "Junk Fee" Scorned by Federal Authorities and an Unlawful Penalty to Customers**

37. In the last few years, federal agencies have taken aim at reducing, lowering, or eradicating "junk fees" like SoFi's New Fees that have proliferated the American marketplace and resulted in exorbitant costs for consumers.

38. The Biden-Harris Administration has defined "junk fees" as "hidden, surprise fees that companies sneak onto customer bills, increasing costs and stifling competition in industries across the economy."[1] The Federal Trade Commission ("FTC") has similarly described these fees as "unfair or deceptive fees that are charged for goods or services that have little or no added value to the consumer[.]"[2]

39. Classic examples of "junk fees" include "surprise fees" that consumers discover after purchase, such as out-of-network hospital bills or airline charges; mandatory fees imposed at the back-end of the buying process, such as "service fees" in connection with ticketed concerts or sports events; and

---

[1] The White House, *Biden-Harris Administration Announces Broad New Actions to Protect Consumers From Billions in Junk Fees,* Briefing Room, Statements and Releases (October 11, 2023), available at https://www.whitehouse.gov/briefing-room/statements-releases/2023/10/11/biden-harris-administration-announces-broad-new-actions-to-protect-consumers-from-billions-in-junk-fees/#:~:text=Today%2C%20the%20Biden%2DHarris%20Administration,the%20full%20price%20up%20front (last accessed November 8, 2024).
[2] The White House, *The President's Initiative on Junk Fees and Related Pricing Practices,* Briefing Room, Blog (October 26, 2022), available at https://www.whitehouse.gov/briefing-room/blog/2022/10/26/the-presidents-initiative-on-junk-fees-and-related-pricing-practices/ (last accessed November 8, 2024).

7

"exploitative fees" like bank overdraft fees that "far exceed the marginal cost of the service they purport to cover."[3]

40. Agencies like the FTC, Consumer Financial Protection Bureau. Department of Transportation, Federal Communications Commission, and Department of Housing and Urban Development alike have been tasked with cracking down on these junk fees.[4]

41. For example, in July 29, 2022, the FTC took action against First American Payment Systems who, like SoFi's Outgoing Transfer Fees, charged its customers surprise cancellation fees when those businesses tried to cancel their services.[5] "First American lured small businesses in with false promises of low costs and an easy exit, and hit them with surprise fees and illegal charges when they tried to get out."[6] First American was ordered to refund $4.9 million to those small businesses and to cease collecting early termination fees.[7]

42. In a Market Watch article, Senator Elizabeth Warren called similar fees assessed by Vanguard "outrageous":

> Sen. Elizabeth Warren, a Massachusetts Democrat, compared Vanguard's new account-closure fee to 'having to pay $100 to leave Six Flags once you're in the gates. If your service is so bad that you have to charge people to keep them from leaving, you need to re-examine your business model.' She told MarketWatch that Vanguard's move "shows why the CFPB's fight against junk fees is critical. It's outrageous to charge people $100 to close their bank account.'[8]

43. Similarly, some of SoFi's New Fees operate as an unenforceable penalty designed to punish consumers who elect to terminate their relationship with SoFi.

---

[3] *Id.*

[4] *See* The White House, *Biden-Harris Administration Announces Broad New Actions to Protect Consumers From Billions in Junk Fees,* Briefing Room, Statements and Releases (October 11, 2023), available at https://www.whitehouse.gov/briefing-room/statements-releases/2023/10/11/biden-harris-administration-announces-broad-new-actions-to-protect-consumers-from-billions-in-junk-fees/#:~:text=Today%2C%20the%20Biden%2DHarris%20Administration,the%20full%20price%20up%20front (last accessed November 8, 2024).

[5] Federal Trade Commission, *FTC Takes Action to Stop Payment Processor First American from Trapping Small Businesses with Surprise Exit Fees and Zombie Charges* (July 29, 2022), available at https://www.ftc.gov/news-events/news/press-releases/2022/07/ftc-takes-action-stop-payment-processor-first-american-trapping-small-businesses-surprise-exit-fees (last accessed November 8, 2024).

[6] *Id.*

[7] *Id.*

[8] Market Watch, *SoFi, the low-cost investing pioneer, will now charge $100 to close an account—unless you're a multimillionaire,* Vanessa Wong, last updated June 18, 2024, available at https://www.marketwatch.com/story/vanguard-the-low-cost-investing-pioneer-will-now-charge-100-to-close-an-account-unless-youre-a-multimillionaire-09ef461c (last accessed November 6, 2024).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

44.     Further, SoFi's new Inactivity Fees are classic junk fees because they bear no reasonable relationship to any service provided by the company nor any cost incurred by the company. Whether or not a consumer logs in to his SoFi account has zero impact on SoFi's costs. It is nothing more than a "gotcha" fee—and a "gotcha" fee that was added in direct contradiction to SoFi's prior promises of being "fee-free."

**C.      Plaintiff's Experience**

45.     Plaintiff has maintained a brokerage account with SoFi during all relevant times alleged herein, which he opened in or around 2020.

46.     Plaintiff relied on SoFi's promises of "fee free," low cost investing, and did not reasonably expect that he would be assessed the New Fees, and/or that he would be assessed New Fees without fair notice of those New Fees.

47.     Plaintiff would not have initially signed up for a SoFi account had he known he would later be forced to pay the New Fees in order to close his account and transfer his funds out of that account.

48.     Plaintiff was not reasonably notified of the New Fees nor provided a reasonable opportunity to avoid them.

49.     As an example, Plaintiff was assessed a $25 Inactivity Fee in September 2024.

50.     Plaintiff was charged an Inactivity Fee despite the fact that there was activity on his account just a week or two prior, when a dividend payment was credited to his account.

51.     Plaintiff suffered injury in fact and has lost money as result of the unlawful conduct alleged herein.

**CLASS ALLEGATIONS**

52.     Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Cal. Code Civ. Proc. § 382 and Cal. Civ. Code § 1781. The proposed Class is defined as:

> Nationwide Class: All SoFi brokerage account holders who were charged a New Fee.

53.     Excluded from the Class is Defendant, Defendant's subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Defendant has a controlling

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

54. Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add a subclass(es), if necessary, before this Court determines whether certification is appropriate.

55. The questions here are ones of common or general interest such that there is a well-defined community of interest among the members of the Class. These questions predominate over questions that may affect only individual class members because Defendant has acted on grounds generally applicable to the Class. Such common legal or factual questions include, but are not limited to:

    a. Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

    b. Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

    c. Whether Defendant's alleged conduct constitutes violations of the laws asserted;

    d. Whether Defendant breached its contract with consumers;

    e. Whether Plaintiff and members of the Class were harmed by Defendant's misrepresentations;

    f. Whether Defendant was unjustly enriched;

    g. Whether Plaintiff and the Class have been damaged, and if so, the proper measure of damages; and

    h. Whether an injunction is necessary to prevent Defendant from continuing to engage in the wrongful conduct described herein.

56. The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Defendant's records. Defendant has the administrative capability through its computer systems and other records to identify all members of the Class, and such specific information is not otherwise available to Plaintiff.

57. It is impracticable to bring members of the Class individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

58.    Plaintiff's claims are typical of the claims of the other members of the Class in that they arise out of the same wrongful business practices by Defendant, as described herein.

59.    Plaintiff is more than adequate representative of the Class in that Plaintiff is Defendant's customer and has suffered damages as a result of Defendant's misrepresentations. In addition:

a)    Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of consumer class actions;

b)    There is no conflict of interest between Plaintiff and the unnamed members of the Class;

c)    Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d)    Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

60.    Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

61.    Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate corresponding declaratory relief with respect to the Class as a whole.

62.    All conditions precedent to bringing this action have been satisfied and/or waived.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Individually and on Behalf of the Class)

63.    Plaintiff repeats and incorporates all of the preceding allegations as if fully set forth herein.

64.    Plaintiff, and all members of the proposed Class, contracted in writing with SoFi for investment services.

11

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

65.     California law implies a covenant of good faith and fair dealing in all contracts providing that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

66.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

67.     SoFi breached the covenant of good faith and fair dealing and abused its discretion in its contract to add additional fees. Specifically, SoFi should not have used its discretion to modify its contract after formation by adding new and unexpectedly fee without reasonable and fair notice.

68.     Plaintiff and all members of the proposed Class have performed all, or substantially all, of the obligations imposed on them under the contract.

69.     Plaintiff and all members of the proposed Class have sustained damages as a result of SoFi's breach of the implied covenant of good faith and fair dealing arising from the contract with its customers.

<strong><u>SECOND CAUSE OF ACTION</u></strong><br><strong><u>Unjust Enrichment</u></strong><br><strong>(Individually and on Behalf of the Class)</strong>

70.     Plaintiff repeats and incorporates all of the preceding allegations as if fully set forth herein.

71.     To the detriment of Plaintiff and the Class, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

72.     Plaintiff and the Class involuntarily conferred a benefit on Defendant when they spent money in the form of New Fees on their SoFi accounts.

73.     Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

12

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

74. These unfair and fraudulent acts allowed Defendant to unlawfully receive monies that would not have been obtained but for Defendant's acts in enacting New Fees.

75. Defendant lacks any legal justification for having engaged in a course of fraudulent conduct as alleged herein at Plaintiff's and Class members' expense.

76. Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

77. Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained New Fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

**THIRD CAUSE OF ACTION**
**Violation of California's Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200, *et seq.***

78. Plaintiff repeats, realleges, and incorporates the allegations in the preceding paragraphs by reference as if fully set forth herein.

79. The UCL defines "unfair competition" to include any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

80. A business practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practices against the gravity of the harm to the alleged victims.

81. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

82. The UCL imposes strict liability. Plaintiff need not prove that Sofi intentionally or negligently engaged in unfair business practices—but only that such practices occurred.

83. Sofi's conduct described herein is "unfair" because it violates public policy and is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and any utility of such practices is outweighed by the harm caused to consumers, including to Plaintiff, the Class, and the public. Specifically, Sofi, *inter alia*:

    a. Deceptively charged consumers fees that were not disclosed in its advertisements;

    b. Charged an unreasonable amount for said fees;

13

c.    Failed to clearly and conspicuously apprise consumers of the various terms they were accepting, including its fees; and

d.    Failed to provide customers with an opportunity to reject and/or opt out of the fees;

e.    Lured consumers in with the false promise of fee free investments then charged undisclosed fees.

84.    There were reasonably available alternatives to further Sofi's legitimate business interests, other than engaging in the misleading and deceptive conduct described herein.

85.    Sofi's conduct is "fraudulent" because it was (and is) likely to deceive reasonable consumers, and did deceive reasonable consumers, including Plaintiff.

86.    Sofi's conduct and actions are deceptive, untrue, and misleading to reasonable consumers, and will continue to mislead consumers in the future.

87.    Plaintiff relied on Sofi's representations to become a consumer and invest with Sofi.

88.    As a direct and proximate result of Sofi's misconduct, Plaintiff and Class members have suffered and will continue to suffer actual damages.

89.    Sofi's wrongful conduct is ongoing and presents a continuing threat to Class members.

90.    Plaintiff lacks an adequate remedy at law.

91.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks restitution and disgorgement as a result of the unfair business practices described above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands a jury trial on all claims so triable and judgment as follows:

A.    Certification for this matter to proceed as a class action on behalf of the Class;

B.    Appointing Plaintiff as representative of the Class, and appointing counsel for Plaintiff as Class Counsel for the Class;

C.    Finding SoFi's practices to breach the implied covenant of good faith and fair dealing inherent in its contract with its customers;

D.    Enjoining Defendant from the wrongful conduct described herein;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

E.      Restitution and disgorgement of all New Fees paid to SoFi by Plaintiff and the members of the Class, as a result of the wrongs alleged herein in an amount to be determined at trial;

F.      Actual and/or compensatory damages and treble damages in amounts according to proof;

G.      Awarding pre-judgment and post-judgment interest at the maximum rate permitted by applicable law; and

H.      Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demands trial by jury on all issues in this Class Action Complaint that are so triable.

Dated: May 20, 2025                                    **KALIELGOLD PLLC**

By:_____

Jeffrey D. Kaliel
Sophia Goren Gold
Amanda J. Rosenberg

*Attorneys for Plaintiff and the Proposed Class*

15

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# EXHIBIT B

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Jeffrey D. Kaliel (SBN 238293); Sophia G. Gold (SBN 307971), Amanda J. Rosenberg<br>(SBN 278507) KalielGold PLLC, 490 43rd Street, No. 122, Oakland, CA 94609<br><br>TELEPHONE NO.: **(202) 350-4783**   FAX NO. : **(202) 871-8180**<br>EMAIL ADDRESS: jkaliel@kalielpllc.com; sgold@kalielgold.com; arosenberg@kalielgold.com<br>ATTORNEY FOR *(Name):* Plaintiff Vishal Shah | **FOR COURT USE ONLY**<br>**ELECTRONICALLY**<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**05/20/2025**<br>**Clerk of the Court**<br>BY: MARIVIC VIRAY<br>**Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
 STREET ADDRESS: 400 McAllister Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Francisco, CA 94102
 BRANCH NAME:

CASE NAME:
 SHAH v. SOFI TEHCNOLOGIES

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** [ ] **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $35,000) $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CGC-25-625503**<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties
 b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [x] Substantial amount of documentary evidence
 d. [ ] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action *(specify):* Breach of Implied Covenant of Good Faith & Fair Dealing, Unjust Enrichment, UCL
5.  This case [x] is [ ] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 19, 2025
Jeffrey D. Kaliel
_____    ► _____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
*   Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
*   File this cover sheet in addition to any cover sheet required by local court rule.
*   If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
*   Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# EXHIBIT C

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | | |
|---|---|---|
| **DATE:** | **OCT 22, 2025** | |
| **TIME:** | **10:30 am** | |
| **PLACE:** | **Department 610** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA  94102-3680** | |

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

---

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Information Sheet**
**Voluntary Expedited Jury Trial Summary**

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases.  EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way.  Voluntary EJTs are authorized by statute.  CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.)  EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;

- 8 jurors (6 must agree);

- 3 peremptory challenges per side;

- 5-hour time limit per side <u>unless agreed otherwise and approved;</u>

- One to two court days completion <u>unless agreed otherwise and approved;</u>

- Option to present evidence by stipulation and objection;

- High/low arrangement option;

- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.

# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

VISHAL SHAH

**PLAINTIFF (S)**

VS.

SOFI TECHNOLOGIES, INC et al

**DEFENDANT (S)**

**Department 304**

**NO.: CGC-25-625503**

**Order Denying Complex Designation For Failure to File Application Requesting Designation**

ATTENTION ALL COUNSEL AND SELF-REPRESENTED PARTIES:

   Complex Designation is DENIED without prejudice. The Application for Approval of Complex Designation has not been filed and provided to Department 304 pursuant to San Francisco Superior Court Local Rule 3.5.

   Pursuant to Government Code §70616, et seq., parties who do not plan to file an Application for Complex Designation may seek a refund of any complex litigation fees that they have paid.


   IT IS SO ORDERED.


DATED:  JUN-20-2025

Ethan P. Schulman
_____
JUDGE

Order Denying Complex Designation For Failure to File Application Requesting Designation
Form 000015

# CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JUN-20-2025 I served the attached Order Denying Complex Designation For Failure to File Application Requesting Designation by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.


Dated :  JUN-20-2025                                By: JULIE RUMSEY



JEFFREY D KALIEL (238293)
KALIEL GOLD PLLC
1100 15TH STREET NW
4TH FLOOR
WASHINGTON, DC  20005

CERTIFICATE OF SERVICE BY MAIL
Form 000015

# EXHIBIT E

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com
Amanda Rosenberg (CA Bar No. 278507)
arosenberg@kalielgold.com
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783

**KALIELGOLD PLLC**
Sophia G. Gold (CA Bar No. 307971)
sgold@kalielgold.com
490 43rd Street, Suite 122
Oakland, California 94609
Telephone: (202) 350-4783

*Attorneys for Plaintiff and the Putative Class*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/15/2025**
**Clerk of the Court**
BY: ERNALYN BURA
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| VISHAL SHAH, on behalf of himself and all others similarly situated, | Case No. CGC-25-625503 |
| Plaintiff, | Assigned to: Ethan P. Schulman<br>Dept. 610 |
| v. | **APPLICATION FOR COMPLEX CASE TREATMENT** |
| SOFI TECHNOLOGIES, INC., and DOES 1 – 50, inclusive, | |
| Defendant. | |

## APPLICATION FOR COMPLEX CASE TREATMENT

Pursuant to the Local Rules, Plaintiff Vishal Shah, by and through his attorneys, hereby submits this Application for Complex Case Treatment.

1.      In the Civil Cover Sheet, this case was designated as a complex case because the following boxes has been checked:

- Box (b): Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve;
- Box (c): Substantial amount of documentary evidence.

2.      This case is provisionally designated as complex pursuant to California Rules of Court 3.400(c)(6) and is being so designated by Plaintiff based upon the following supporting information:

- Complexity of anticipated factual and/or legal issues: Plaintiff's claims concern complex issues relating to whether Defendant violates California's Unfair Competition Law by affirmatively and knowingly charging consumers investment fees that were not disclosed in its advertisements; charged an unreasonable amount for said fees; failed to clearly and conspicuously apprise consumers of the various terms they were accepting, including its fees; failed to provide customers the opportunity to reject and/or optout of the fees; and lured consumers in with the false promise of fee free investments then charge undisclosed fees.

- Extensive motion practice that will be time-consuming to resolve: Plaintiff anticipates that Defendant will file a Demurrer and/or Motion for Summary Judgment. In addition, Plaintiff will file a Motion for Class Certification.

- Management of a substantial amount of documentary evidence: Since this case is a putative class action on behalf of thousands of Sofi customers/investors in California and nationwide, Plaintiff anticipates substantial discovery.

3.      Based upon the above-stated supporting information, there is a reasonable basis for the complex case designation made in the Civil Cover Sheet.

///
///
///
///
///
///
///

2
APPLICATION FOR COMPLEX CASE TREATEMENT

The undersigned hereby certifies that the above is true and correct and that I make this certification subject to the applicable provisions in the California Code of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200(B).

Dated: July 15, 2025                                  **KALIELGOLD PLLC**

By:_____
                                                            Jeffrey D. Kaliel
                                                            Sophia Goren Gold
                                                            Amanda J. Rosenberg

                                                            *Attorneys for Plaintiff and the Proposed Class*

APPLICATION FOR COMPLEX CASE TREATEMENT

# EXHIBIT F

# AMENDED
# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOFI SECURITIES, LLC, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VISHAL SHAH, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court

400 McAllister Street, San Francisco, CA 94102

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |

**CGC-25-625503**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey D. Kaliel, Sophia G. Gold, KalielGold PLLC, 490 43rd St., Ste. 122, Oakland, CA 94609, (202) 350-4783

DATE:                              Clerk, by                                              , Deputy
*(Fecha)* 08/20/2025           *(Secretario)*                                        *(Adjunto)* ANNIE PASCUAL

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com
Amanda Rosenberg (CA Bar No. 278507)
arosenberg@kalielgold.com
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783

**KALIELGOLD PLLC**
Sophia G. Gold (CA Bar No. 307971)
sgold@kalielgold.com
490 43rd Street, Suite 122
Oakland, California 94609
Telephone: (202) 350-4783

*Attorneys for Plaintiff and the Putative Class*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**08/20/2025**
**Clerk of the Court**
BY: ANNIE PASCUAL
**Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| VISHAL SHAH, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SOFI SECURITIES, LLC, and DOES 1 – 50, inclusive,<br><br>        Defendant. | Case No. CGC-25-625503<br>Assigned to Hon. Ethan P. Schulman<br>Dept. 304<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT

Plaintiff Vishal Shah ("Plaintiff") on behalf of himself and all others similarly situated brings this Class Action Complaint against Defendant SoFi Securities, LLC ("Defendant" or "SoFi") based on personal knowledge as to allegations regarding himself and on information and belief as to others, and alleges the following:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and a proposed class of similarly situated consumers against SoFi arising from its unlawful, fraudulent, and unfair assessment of $25 Inactivity Fees, Trading Fees and $75 Outgoing Transfer Fees (the "New Fees") that were added surreptitiously by SoFi on its investment accounts in late 2023.

2. For a decade, SoFi has marketed itself as a low cost and fee-free option for small investors. SoFi has repeatedly promised to its investing customers like Plaintiff that it would provide fee-free investing, including commission-free trades and the absence of add-on fees that plague other investment account providers. Through these attractive offerings, SoFi lured customers into a contract with the promise of low costs and no fees, enabling consumers to choose SoFi as their trusted investment firm over a myriad of other financial investment companies.

3. Late in 2023, however, SoFi drastically shifted course away from being a consumer-focused investment firm: without fair and adequate notice, it unilaterally modified its brokerage account agreement with its customers to impose numerous additional fees that never existed before and which fundamentally contradicted the promises previously made to consumers. These New Fees were not communicated to consumers adequately, and partly as a result of that poor and deceptive communication, not reasonably avoidable.

4. A SoFi representative has admitted in a public forum that the company's communication of the New Fees was inadequate, "we know our communication regarding [the New Fees] could have been clearer[.]"

5. Further, the New Fees are themselves junk fees that bear no reasonable relationship to the "services" purportedly being provided. As an example, the new "Inactivity Fee" of $25 is essentially pure profit for SoFi, as inactive accounts create no additional burden (and no additional work) for SoFi. While

in certain circumstances accounts left inactive for several years may be subject to state escheatment laws, which could create additional administrative expense for SoFi, such laws are not remotely implicated in the mere six months that SoFi arbitrarily begins collecting such fees.

6.    Not only were the New Fees added quietly—in the hopes that consumers would not notice—but they fundamentally altered the value proposition that SoFi presented to consumers for a decade, a classic bait and switch.

7.    Plaintiff and Class members have been injured by Defendant's unlawful and fraudulent practices, and allege claims for breach of the implied covenant of good faith and fair dealing inherent in every contract, violation of California's consumer protection law, and unjust enrichment. Plaintiff brings this action on behalf of himself and the putative Class and seeks damages, restitution and disgorgement, and declaratory relief.

## PARTIES

8.    Plaintiff Vishal Shah is a citizen and resident of Buena Park, California and was a SoFi brokerage-account holder at all relevant times alleged herein.

9.    Defendant SoFi Securities, LLC is a California limited liability company with its headquarters located in San Francisco, CA. SoFi is one of the country's largest financial investment firms and holds over $36 billion in assets under management.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over Defendant and the claims set forth below pursuant to Code of Civil Procedure § 410.10 and the California Constitution, Article VI § 10, because this case is a cause not given by statute to the other trial courts.

11.    Plaintiff is informed and believes that the State of California has personal jurisdiction over the Defendant named in the action because Defendant is a corporation authorized to conduct and does conduct business in this State. Defendant is incorporated in California, maintains its corporate headquarters in California, is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market and design and promulgate deceptive representations from its headquarters, which has caused both obligations and liability of Defendant to arise in the County of San Francisco.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

12. The amount in controversy exceeds the jurisdictional minimum of this Court.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

A. **SoFi Harms Consumers by Luring Them into Using the Company for Investments with the Promise of Being a Low-Cost Investment Firm with Minimal Fees and Then Later Piles on New, Unexpected Fees**

13. SoFi is one of the country's largest financial investment firms. SoFi distinguishes itself from other mutual fund firms by prominently advertising that investing is fee free.

14. Investment accounts are notoriously difficult to transfer once established. Accordingly, investment firms like SoFi compete aggressively to acquire to consumer investors, knowing that obstacles to transferring investment accounts will keep such consumers locked in indefinitely.

15. At or around the time Plaintiff opened his SoFi investing account in 2020—and for several years prior—SoFi prominently marketed itself as a fee-free service.

16. For example, the home page of the SoFi investing website, which Plaintiff viewed prior to and at the time he signed up for his account, stated:

**Pay zero SoFi fees.**

That's right—$0 in transaction fees and $0 in management fees.

**Choose how.**

Do-it-yourself with active investing or take it easy with automated

investing.

**Invest with skill.**

SoFi is built for those who learn by doing—because the fastest way to

become an investor is to start investing.

**No fees. No excuses.**

Not-so-newsflash: fees are frustrating and they can keep people from

investing. It's why we charge $0 in SoFi transaction and management fees.

So there's no reason not to start investing.

17. As another example, the home page of the SoFi investing website, which Plaintiff viewed prior to and at the time he signed up for his account, stated:

4

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**Avoid high costs.**

Get started with as little as $1—and trade stocks and ETFs for free.

18.     At the time SoFi made these prominent and unavoidable representations to consumers who signed up for its service, SoFi did not charge Inactivity Fees, Trading Fees and Outgoing Transfer Fees.

19.     Nor did SoFi warn consumers in marketing that once their investments were made, SoFi could choose to add such New Fees, significantly changing the value proposition for consumers who chose to invest with SoFi.

20.     Nor did SoFi warn they would or could add New Fees without effective communication and a fair chance for consumers to move funds elsewhere, for free.

21.     In other words, prior to adding New Fees without effective communication in 2023, SoFi marketed to consumers that it was "fee-free" and gave no indication to consumers that it would suddenly and secretly begin charging the New Fees.

22.     In a competitive marketplace where there are numerous investment opportunities, SoFi's low-cost, customer-friendly practices and policies enticed average consumers to invest with SoFi to build wealth at the most affordable option—*without* being nickeled and dimed by unscrupulous fees.

23.     Despite these long-held promises, however, SoFi in 2023 began deviating from its stated mission through the imposition of New Fees.

24.     Late in 2023, SoFi amended their Brokerage Account Agreement to add a host of new fees to be charged to its brokerage account holders.

25.     However, SoFi did not effectively communicate such New Fees to its customers—or give them a reasonable chance to avoid them. Indeed, at least one of the New Fees—the $75 Outgoing Transfer Fee—made it much harder and more expensive for consumers to remove their investment funds from SoFi.

26.     Less than a month prior to suddenly adding the New Fees, SoFi sent a single email to some accountholders regarding its aggressive new fees, an email which did not require opening or assent—as if designed to go unnoticed by consumers.

27.     The lackadaisical method of notice was designed to ensure the changes occurred unnoticed by consumers.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

28.    Indeed, consumer complaints began appearing in droves online once surprised consumers began being charged the new fees.

29.    Sofi was and is aware its communication of the New Fees was poor.

30.    For example, a SoFi representative responded to a user complaint on a Reddit thread, and admitted there is a problem with how SoFi notified people: "we know our communications could have been clearer about these changes":



https://www.reddit.com/r/sofi/comments/1bue9wf/here_come_the_fees/

31.    SoFi's decision to add New Fees without fair and robust notice to consumers was especially likely to cause consumers harm in the form of Inactivity Fees.

32.    Until its sudden and poorly disclosed decision to add Inactivity Fees in late 2023, SoFi had never charged such a fee before. Without clear and effective notice of the newly charged Inactivity Fee – and the manner in which SoFi would define "inactivity" – SoFi knew or should have know that tens of thousands of consumers would be assessed Inactivity Fees.

33.    SoFi unilaterally and without fair disclosure defined "inactivity" not to be whether activity occurred on an account – for example, trades, payment of dividends, etc. – but whether a consumer logged in to their SoFi account.

6

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

34.    This unusual metric for measuring "inactivity" made it especially likely that SoFi's inadequate notice of the newly charged Inactivity Fee would go unnoticed and unavoided by consumers.

35.    Further, SoFi's new Inactivity Fees bear no reasonable relationship to any service provided by the company nor any cost incurred by the company. Whether or not a consumer logs in to his SoFi account has zero impact on SoFi's costs. It is nothing more than a "gotcha" fee—and a "gotcha" fee that was added in direct contradiction to SoFi's prior promises of being "fee-free."

36.    In short, no reasonable consumer would choose to pay a $25 Inactivity Fee in lieu of logging in to their SoFi account. The fact that, upon information and belief, hundreds of thousands of Inactivity Fees have been charged by SoFi since 2023 is precisely because SoFi failed to adequately inform and warn users how to avoid the fee, including by providing inadequate notice of the addition of the new fee.

**B.    SoFi's New Fees Constitutes a "Junk Fee" Scorned by Federal Authorities and an Unlawful Penalty to Customers**

37.    In the last few years, federal agencies have taken aim at reducing, lowering, or eradicating "junk fees" like SoFi's New Fees that have proliferated the American marketplace and resulted in exorbitant costs for consumers.

38.    The Biden-Harris Administration has defined "junk fees" as "hidden, surprise fees that companies sneak onto customer bills, increasing costs and stifling competition in industries across the economy."[1] The Federal Trade Commission ("FTC") has similarly described these fees as "unfair or deceptive fees that are charged for goods or services that have little or no added value to the consumer[.]"[2]

39.    Classic examples of "junk fees" include "surprise fees" that consumers discover after purchase, such as out-of-network hospital bills or airline charges; mandatory fees imposed at the back-end of the buying process, such as "service fees" in connection with ticketed concerts or sports events; and

---

[1] The White House, *Biden-Harris Administration Announces Broad New Actions to Protect Consumers From Billions in Junk Fees,* Briefing Room, Statements and Releases (October 11, 2023), available at https://www.whitehouse.gov/briefing-room/statements-releases/2023/10/11/biden-harris-administration-announces-broad-new-actions-to-protect-consumers-from-billions-in-junk-fees/#:~:text=Today%2C%20the%20Biden%2DHarris%20Administration,the%20full%20price%20up%20front (last accessed November 8, 2024).
[2] The White House, *The President's Initiative on Junk Fees and Related Pricing Practices,* Briefing Room, Blog (October 26, 2022), available at https://www.whitehouse.gov/briefing-room/blog/2022/10/26/the-presidents-initiative-on-junk-fees-and-related-pricing-practices/ (last accessed November 8, 2024).

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

"exploitative fees" like bank overdraft fees that "far exceed the marginal cost of the service they purport to cover."[3]

40.    Agencies like the FTC, Consumer Financial Protection Bureau. Department of Transportation, Federal Communications Commission, and Department of Housing and Urban Development alike have been tasked with cracking down on these junk fees.[4]

41.    For example, in July 29, 2022, the FTC took action against First American Payment Systems who, like SoFi's Outgoing Transfer Fees, charged its customers surprise cancellation fees when those businesses tried to cancel their services.[5] "First American lured small businesses in with false promises of low costs and an easy exit, and hit them with surprise fees and illegal charges when they tried to get out."[6] First American was ordered to refund $4.9 million to those small businesses and to cease collecting early termination fees.[7]

42.    In a Market Watch article, Senator Elizabeth Warren called similar fees assessed by Vanguard "outrageous":

> Sen. Elizabeth Warren, a Massachusetts Democrat, compared Vanguard's new account-closure fee to 'having to pay $100 to leave Six Flags once you're in the gates. If your service is so bad that you have to charge people to keep them from leaving, you need to re-examine your business model.' She told MarketWatch that Vanguard's move "shows why the CFPB's fight against junk fees is critical. It's outrageous to charge people $100 to close their bank account.'[8]

43.    Similarly, some of SoFi's New Fees operate as an unenforceable penalty designed to punish consumers who elect to terminate their relationship with SoFi.

---

[3] *Id.*
[4] *See* The White House, *Biden-Harris Administration Announces Broad New Actions to Protect Consumers From Billions in Junk Fees,* Briefing Room, Statements and Releases (October 11, 2023), available at https://www.whitehouse.gov/briefing-room/statements-releases/2023/10/11/biden-harris-administration-announces-broad-new-actions-to-protect-consumers-from-billions-in-junk-fees/#:~:text=Today%2C%20the%20Biden%2DHarris%20Administration,the%20full%20price%20up%20front (last accessed November 8, 2024).
[5] Federal Trade Commission, *FTC Takes Action to Stop Payment Processor First American from Trapping Small Businesses with Surprise Exit Fees and Zombie Charges* (July 29, 2022), available at https://www.ftc.gov/news-events/news/press-releases/2022/07/ftc-takes-action-stop-payment-processor-first-american-trapping-small-businesses-surprise-exit-fees (last accessed November 8, 2024).
[6] *Id.*
[7] *Id.*
[8] Market Watch, *SoFi, the low-cost investing pioneer, will now charge $100 to close an account—unless you're a multimillionaire,* Vanessa Wong, last updated June 18, 2024, available at https://www.marketwatch.com/story/vanguard-the-low-cost-investing-pioneer-will-now-charge-100-to-close-an-account-unless-youre-a-multimillionaire-09ef461c (last accessed November 6, 2024).

8

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

44. Further, SoFi's new Inactivity Fees are classic junk fees because they bear no reasonable relationship to any service provided by the company nor any cost incurred by the company. Whether or not a consumer logs in to his SoFi account has zero impact on SoFi's costs. It is nothing more than a "gotcha" fee—and a "gotcha" fee that was added in direct contradiction to SoFi's prior promises of being "fee-free."

C. **Plaintiff's Experience**

45. Plaintiff has maintained a brokerage account with SoFi during all relevant times alleged herein, which he opened in or around 2020.

46. Plaintiff relied on SoFi's promises of "fee free," low cost investing, and did not reasonably expect that he would be assessed the New Fees, and/or that he would be assessed New Fees without fair notice of those New Fees.

47. Plaintiff would not have initially signed up for a SoFi account had he known he would later be forced to pay the New Fees in order to close his account and transfer his funds out of that account.

48. Plaintiff was not reasonably notified of the New Fees nor provided a reasonable opportunity to avoid them.

49. As an example, Plaintiff was assessed a $25 Inactivity Fee in September 2024.

50. Plaintiff was charged an Inactivity Fee despite the fact that there was activity on his account just a week or two prior, when a dividend payment was credited to his account.

51. Plaintiff suffered injury in fact and has lost money as result of the unlawful conduct alleged herein.

## CLASS ALLEGATIONS

52. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Cal. Code Civ. Proc. § 382 and Cal. Civ. Code § 1781. The proposed Class is defined as:

> Nationwide Class: All SoFi brokerage account holders who were charged a New Fee.

53. Excluded from the Class is Defendant, Defendant's subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Defendant has a controlling

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

54. Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add a subclass(es), if necessary, before this Court determines whether certification is appropriate.

55. The questions here are ones of common or general interest such that there is a well-defined community of interest among the members of the Class. These questions predominate over questions that may affect only individual class members because Defendant has acted on grounds generally applicable to the Class. Such common legal or factual questions include, but are not limited to:

a. Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

b. Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

c. Whether Defendant's alleged conduct constitutes violations of the laws asserted;

d. Whether Defendant breached its contract with consumers;

e. Whether Plaintiff and members of the Class were harmed by Defendant's misrepresentations;

f. Whether Defendant was unjustly enriched;

g. Whether Plaintiff and the Class have been damaged, and if so, the proper measure of damages; and

h. Whether an injunction is necessary to prevent Defendant from continuing to engage in the wrongful conduct described herein.

56. The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Defendant's records. Defendant has the administrative capability through its computer systems and other records to identify all members of the Class, and such specific information is not otherwise available to Plaintiff.

57. It is impracticable to bring members of the Class individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

58.     Plaintiff's claims are typical of the claims of the other members of the Class in that they arise out of the same wrongful business practices by Defendant, as described herein.

59.     Plaintiff is more than adequate representative of the Class in that Plaintiff is Defendant's customer and has suffered damages as a result of Defendant's misrepresentations. In addition:

a)     Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of consumer class actions;

b)     There is no conflict of interest between Plaintiff and the unnamed members of the Class;

c)     Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d)     Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

60.     Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

61.     Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate corresponding declaratory relief with respect to the Class as a whole.

62.     All conditions precedent to bringing this action have been satisfied and/or waived.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Breach of Implied Covenant of Good Faith and Fair Dealing**
**(Individually and on Behalf of the Class)**

63.     Plaintiff repeats and incorporates all of the preceding allegations as if fully set forth herein.

64.     Plaintiff, and all members of the proposed Class, contracted in writing with SoFi for investment services.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

65.     California law implies a covenant of good faith and fair dealing in all contracts providing that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

66.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

67.     SoFi breached the covenant of good faith and fair dealing and abused its discretion in its contract to add additional fees. Specifically, SoFi should not have used its discretion to modify its contract after formation by adding new and unexpectedly fee without reasonable and fair notice.

68.     Plaintiff and all members of the proposed Class have performed all, or substantially all, of the obligations imposed on them under the contract.

69.     Plaintiff and all members of the proposed Class have sustained damages as a result of SoFi's breach of the implied covenant of good faith and fair dealing arising from the contract with its customers.

**SECOND CAUSE OF ACTION**
**Unjust Enrichment**
**(Individually and on Behalf of the Class)**

70.     Plaintiff repeats and incorporates all of the preceding allegations as if fully set forth herein.

71.     To the detriment of Plaintiff and the Class, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

72.     Plaintiff and the Class involuntarily conferred a benefit on Defendant when they spent money in the form of New Fees on their SoFi accounts.

73.     Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

74.     These unfair and fraudulent acts allowed Defendant to unlawfully receive monies that would not have been obtained but for Defendant's acts in enacting New Fees.

75.     Defendant lacks any legal justification for having engaged in a course of fraudulent conduct as alleged herein at Plaintiff's and Class members' expense.

76.     Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

77.     Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained New Fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

**THIRD CAUSE OF ACTION**
**Violation of California's Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200, *et seq.***

78.     Plaintiff repeats, realleges, and incorporates the allegations in the preceding paragraphs by reference as if fully set forth herein.

79.     The UCL defines "unfair competition" to include any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

80.     A business practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practices against the gravity of the harm to the alleged victims.

81.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

82.     The UCL imposes strict liability. Plaintiff need not prove that Sofi intentionally or negligently engaged in unfair business practices—but only that such practices occurred.

83.     Sofi's conduct described herein is "unfair" because it violates public policy and is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and any utility of such practices is outweighed by the harm caused to consumers, including to Plaintiff, the Class, and the public. Specifically, Sofi, *inter alia*:

            a.      Deceptively charged consumers fees that were not disclosed in its advertisements;

            b.      Charged an unreasonable amount for said fees;

c.  Failed to clearly and conspicuously apprise consumers of the various terms they were accepting, including its fees; and

d.  Failed to provide customers with an opportunity to reject and/or opt out of the fees;

e.  Lured consumers in with the false promise of fee free investments then charged undisclosed fees.

84. There were reasonably available alternatives to further Sofi's legitimate business interests, other than engaging in the misleading and deceptive conduct described herein.

85. Sofi's conduct is "fraudulent" because it was (and is) likely to deceive reasonable consumers, and did deceive reasonable consumers, including Plaintiff.

86. Sofi's conduct and actions are deceptive, untrue, and misleading to reasonable consumers, and will continue to mislead consumers in the future.

87. Plaintiff relied on Sofi's representations to become a consumer and invest with Sofi.

88. As a direct and proximate result of Sofi's misconduct, Plaintiff and Class members have suffered and will continue to suffer actual damages.

89. Sofi's wrongful conduct is ongoing and presents a continuing threat to Class members.

90. Plaintiff lacks an adequate remedy at law.

91. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks restitution and disgorgement as a result of the unfair business practices described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands a jury trial on all claims so triable and judgment as follows:

A.  Certification for this matter to proceed as a class action on behalf of the Class;

B.  Appointing Plaintiff as representative of the Class, and appointing counsel for Plaintiff as Class Counsel for the Class;

C.  Finding SoFi's practices to breach the implied covenant of good faith and fair dealing inherent in its contract with its customers;

D.  Enjoining Defendant from the wrongful conduct described herein;

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

E.   Restitution and disgorgement of all New Fees paid to SoFi by Plaintiff and the members of the Class, as a result of the wrongs alleged herein in an amount to be determined at trial;

F.   Actual and/or compensatory damages and treble damages in amounts according to proof;

G.   Awarding pre-judgment and post-judgment interest at the maximum rate permitted by applicable law; and

H.   Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demands trial by jury on all issues in this Firest Amended Class Action Complaint that are so triable.

Dated: August 20, 2025                    **KALIELGOLD PLLC**

By:_____
                    Jeffrey D. Kaliel
                    Sophia Goren Gold
                    Amanda J. Rosenberg

                    *Attorneys for Plaintiff and the Proposed Class*

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am employed in the District of Columbia.  I am over the age of 18 and not a party to the within action.  My business address is 490 43rd Street, Suite 122, Oakland, California 94609.

On **August 20, 2025**, I served the document(s) described as:

**FIRST AMENDED CLASS ACTION COMPLAINT**

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

Alicia A. Baiardo                         Attorneys for Defendant
McGuire Woods LLP                    **SoFi Securities, LLC**
Two Embarcadero Center, Suite 1300
San Francisco, California 94111-3821
abaiardo@mcguirewoods.com

[  ]    **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[X]    **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[  ]    **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[  ]    **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **August 20, 2025**, at Los Angeles, California.

NEVA R. GARCIA
Type or Print Name                                           Signature

16
FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# EXHIBIT G

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| VISHAL SHAH | **Department 606** |
| PLAINTIFF (S) | |
| VS. | **NO.: CGC-25-625503** |
| SOFI TECHNOLOGIES, INC et al | |
| DEFENDANT (S) | **Dept 606 Order Granting Complex Designation And For Single Assignment** |

TO:  ALL COUNSEL AND PARTIES IN PROPRIA PERSONA:

The Application for Approval of Complex Designation filed Jul-15-2025 is GRANTED. The Court finds this action to be complex under Rule 3.400 et seq. of the California Rules of Court.

IT IS HEREBY ORDERED that this action is singly assigned for all purposes to Complex Litigation Department 606, the Hon. JEFFREY S. ROSS, judge of the California Superior Court, City and County of San Francisco at 400 McAllister Street, San Francisco, CA 94102.

The Oct-22-2025 CASE MANAGEMENT CONFERENCE in Department 610 is VACATED.

An initial case management conference is set for Dec-09-2025 at 10:00 a.m. in Department 606. A JOINT case management statement must be filed and two courtesy copies thereof delivered to Department 606 no later than five (5) court days before the case management conference.

All other court dates are vacated.  Any pending motions previously set for hearing in the Law and Motion/Discovery Department should be taken off calendar and two sets of courtesy copies of the motion papers forwarded to Department 606 for possible re-setting at a future date.

All counsel should read and be familiar with the department procedures, which are located online at: https://sf.courts.ca.gov/divisions/civil-division/complex-civil-litigation.

All hearing dates on motions must be reserved in advance with the department.

Counsel for plaintiff shall provide a copy of this order and notice to all counsel of record and/or parties In Propria Persona that are not listed in the certificate of service.

This case is now subject to mandatory e-filing and e-service pursuant to Local Rule 2.11. The e-filing vendor for the Complex Department is File & ServeXpress. Counsel must submit all filings to this e-service. Counsel must also add themselves to the e-service list. For assistance contact support@fileandservexpress.com or call 888-529-7587.

DATED:  SEP-19-2025

Jeffrey Ross
_____

JUDGE

Dept 606 Order Granting Complex Designation And For Single Assignment
Form 000019

# CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on SEP-19-2025 I served the attached Dept 606 Order Granting Complex Designation And For Single Assignment by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  SEP-19-2025                    By: SEAN KANE

JEFFREY D KALIEL (238293)
KALIEL GOLD PLLC
1100 15TH STREET NW
4TH FLOOR
WASHINGTON, DC  20005

CERTIFICATE OF SERVICE BY MAIL

Form 000019

# EXHIBIT H

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com
Amanda Rosenberg (CA Bar No. 278507)
arosenberg@kalielgold.com
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783

**KALIELGOLD PLLC**
Sophia G. Gold (CA Bar No. 307971)
sgold@kalielgold.com
490 43rd Street, Suite 122
Oakland, California 94609
Telephone: (202) 350-4783

*Attorneys for Plaintiff and the Putative Class*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**12/02/2025**
**Clerk of the Court**
BY: ALVIN MOK
**Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| VISHAL SHAH, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>SOFI SECURITIES, LLC, and DOES 1 – 50, inclusive,<br><br>     Defendant. | Case No. CGC-25-625503<br>Assigned to Jeffrey S. Ross<br>Dept. 606<br><br>**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date: December 9, 2025**<br>**Time: 10:00 a.m.**<br>**Dept.: 606** |

Pursuant to the Court's Order dated September 19, 2025, Plaintiff Vishal Shah ("Plaintiff") hereby submits this Case Management Statement. Defendant did not participate in drafting this document, despite requests from Plaintiff.

## I.    SERVICE AND COMPLEX DESIGNATION

On May 20, 2025, Plaintiff filed this action against Sofi Technologies, Inc., who was served On July 30, 2025. Since then, Plaintiff learned that the proper defendant should be Sofi Securities, LLC. On August 20, 2025, Plaintiff filed an Amended Complaint properly naming Defendant as Sofi Securities, LLC.

A revised Notice and Acknowledgement of Receipt was provided to SoFi on November 18, 2025; (2) the date of effective service is today, December 2, 2025; and (3) Plaintiff has been informed that SoFi intends to remove this matter to federal court by the December 31, 2025, deadline. Plaintiff reserves the right to seek remand to this Court.

## II.    CASE DESCRIPTION

Plaintiff alleges claims arising from unlawful, fraudulent and unfair assessment of a $25 Inactivity Fees, Trading Fees and $75 Outgoing Transfer Fees (the "New Fees") that were added surreptitiously by Sofi on its investment accounts in late 2023, despite marketing itself as a fee-free service. (*See* Plaintiff's Am. Complaint). In September 2024, Plaintiff was assessed a $25 Inactivity Fee on his account at Sofi. Plaintiff claims that Defendant misrepresented that his account would be fee-free. As a result, Plaintiff claims that Defendant breached the implied Covenant of Good Faith and Fair Dealing, and violated California's Unfair Competition Law ("UCL). He seeks actual damages, punitive damages, restitution, and an injunction as the result of the alleged violations. Plaintiff alleges he claims on behalf of a class defined as:

All Sofi brokerage account holders who were charged a New Fee.

## III.    DISCOVERY

Plaintiff has not yet served discovery. Plaintiff expects that discovery will include production of electronically stored information ("ESI") that will contain commercially sensitive and confidential information, as well as personally identifiable information. Plaintiff anticipates that he will meet and

confer with Defendant about the preservation, search, and production of ESI, consistent with applicable rules.

## IV.    ANTICIPATED MOTIONS AND LEGAL ISSUES

A scheduling order has not been set and no motions are pending before the Court. Plaintiff anticipates filing a motion for class certification.

## V.    SCHEDULING

Plaintiff proposes the following schedule:

Fact Discovery Cut-off – April 14, 2026

Parties to Provide Expert Reports -- April 17, 2026

Expert Discovery Cut-off – June 14, 2026

Deadline to File Motion for Class Certification – June 15, 2026

Dated: December 2, 2025                           **KALIELGOLD PLLC**

By:_____
         Jeffrey D. Kaliel
         Sophia Goren Gold
         Amanda J. Rosenberg

         *Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am employed in the District of Columbia. I am over the age of 18 and not a party to the within action. My business address is 1100 15th Street NW, 4th Floor, Washington, D.C. 20005.

On December 2, 2025, I served the document(s) described as:

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

| | |
|---|---|
| Alicia A. Baiardo | Attorneys for Defendant |
| McGuire Woods LLP | **SoFi Securities, LLC** |
| Two Embarcadero Center, Suite 1300 | |
| San Francisco, California 94111-3821 | |
| abaiardo@mcguirewoods.com | |

[ ]  **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ]  **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[X]  **BY ELECTRONIC SERVICE PROVIDER:** I hereby certify that this document was served from Los Angeles, California, via File&ServeXpress, the preferred electronic service provider of this Court.

[ ]  **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this December 2, 2025, at Los Angeles, California.



| NEVA R. GARCIA | |
|---|---|
| Type or Print Name | Signature |

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT

# EXHIBIT I

FILED
San Francisco County Superior Court

DEC 1 1 2025
CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

VISHAL SHAH, on behalf of himself and all others similarly situated,

Plaintiff,

v.

SOFI TECHNOLOGIES, INC., and DOES 1–50, inclusive,

Defendant.

Case No. CGC-25-625503

ORDER CONTINUING DECEMBER 9, 2025, CASE MANAGEMENT CONFERENCE

Having reviewed plaintiff's case management conference statement, dated December 2, 2025, which states that defendant was served on December 2, 2025 and defendant intends to remove this matter to federal court by December 31, 2025, IT IS HEREBY ORDERED that the court CONTINUES the December 9, 2025, case management conference to **March 2, 2026, at 11:00 a.m.** with a joint case management conference statement due no later than **February 23, 2026**.

This matter remains assigned to Judge Jeffrey S. Ross, but will be heard in Department **613**. Courtesy copies should be delivered to Department **613**. The parties should review the updated procedures posted on the court's website.

Dated: December 9, 2025

_____
JEFFREY S. ROSS
Judge of the Superior Court

- 1 -

*Shah v. Sofi Technologies, Inc.*, CGC-25-625503, Order Continuing December 9, 2025, Case Management Conference

CGC-25-625503                    VISHAL SHAH VS. SOFI TECHNOLOGIES, INC ET AL

I, the undersigned, certify that I am an employee of the Superior Court of California, County Of San Francisco and not a party to the above-entitled cause and that on December 11, 2025 I served the foregoing order on the counsel of record listed below by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA  94102-4514 pursuant to standard court practice.

Date: December 11, 2025  By: SEAN KANE

JEFFREY D. KALIEL, ESQ.
KALIEL GOLD PLLC
1100 15TH STREET NW
4TH FLOOR
WASHINGTON, DC  20005

Certificate of Service –                    Form C00005010

# EXHIBIT J

**POS-015**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**   STATE BAR NO: 238293<br>NAME: Jeffrey D. Kaliel<br>FIRM NAME: KalielGold PLLC<br>STREET ADDRESS: 1100 15th Street NW, 4th Floor<br>CITY: Washington   STATE: DC   ZIP CODE: 20005<br>TELEPHONE NO.: (202) 350-4783   FAX NO. :<br>E-MAIL ADDRESS: jkaliel@kalielpllc.com<br>ATTORNEY FOR (Name): Plainitff, Vishal Shah | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br> STREET ADDRESS: 400 McAllister Street<br> MAILING ADDRESS:<br>CITY AND ZIP CODE:   San Francisco, CA 94102-3680<br> BRANCH NAME: |
| Plaintiff/Petitioner:  VISHAL SHAH<br>Defendant/Respondent:  SOFI SECURITIES, LLC |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | **CASE NUMBER:**<br>CGC-25-625503 |

TO (insert name of party being served): Sofi Securities, LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: November 18, 2025

| | |
|---|---|
| JEFFREY D. KALIEL<br>(TYPE OR PRINT NAME) | (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE) |

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [ ] Other (specify):

    First Amended Complaint, Amended Summons, Order Granting Complex Designation and for Single Assignment and Notice of Case Management Conference

---

(To be completed by recipient):

Date this form is signed: December 2, 2025

| | |
|---|---|
| Alicia A. Baiardo<br>(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED) | (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY) |

Page 1 of 1